9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio MARTINEZ-AVILA, Defendant-Appellant.
 No. 92-50449.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1993.
Decided Nov. 9, 1993.
 
 1
 Before: NOONAN and LEAVY, Circuit Judges, TANNER*, Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Martinez-Avila appeals his 18-month sentence upon his conviction for conspiracy to transport illegal aliens.
 
 
 4
 Appellant claims that the district court's eight-month upward departure was unreasonable.
 
 
 5
 This is the companion case to United States v. Moreno-Hernandez, 92-50573. On January 2, 1992, Defendant Martinez-Avila approached the San Clemente checkpoint in a sedan carrying three illegal aliens. Upon being asked for his documents by the Immigration Inspector, Martinez-Avila fled the checkpoint, and a chase ensued at speeds up to 90 mph. The chase ended after 25 minutes when the defendant collided with another car, fled on foot, and was apprehended.
 
 
 6
 Defendant pled guilty to count one of the indictment.
 
 
 7
 The district court computed Martinez-Avila's base offense level as follows:
 
 
 8
 Conspiracy to transport illegal aliens 9
Adjustment for reckless endangerment (3C1.2) k2
Adjustment for acceptance of responsibility -2
 Total 9
 
 
 9
 Defendant's resulting base offense level was 9, with a Criminal History Category of I, and a guideline range of 4 to ten months. The government requested an upward departure, and the district court departed upward four levels to a level 13.[1] On June 22, 1992, Martinez-Avila was sentenced to 18 months imprisonment, followed by three years supervised release.
 
 Standard of Review
 
 10
 We review the district court decision to depart from the United States Sentencing Guidelines under a three-part test established in United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc).
 
 
 11
 First, we must determine whether the district court had authority to depart. Second, we review the district court's factual findings supporting the existence of the identified circumstance for clear error. Id. Finally, we review the extent of the departure under an abuse of discretion standard, to determine whether it was unreasonable in light of the standards and policies embodied in the Sentencing Reform Act and the Guidelines. Id. at 747.
 
 Decision to Depart Upward
 
 12
 A court must sentence a defendant within the applicable Guideline range unless "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission..." Review is de novo. Id. at 746.
 
 
 13
 The district court identified the high-speed chase as the aggravating factor justifying departure. The court cited as the primary reason for an upward departure in this case, the potential danger to three classes of persons: the motoring public, the illegal aliens, and law enforcement. Two points were awarded for each classification. Because reckless endangerment during flight had been considered in calculating the base offense level, the court then deducted two points for conduct already taken into consideration under U.S.S.G. § 3C1.2. This gave the defendant an offense level of 13.
 
 
 14
 In United States v. Hernandez-Rodriguez, 975 F.2d 622 (9th Cir.1992), the court held that: "It would be a rare automobile chase that did not endanger more than one person. To permit an upward departure because two or more people were endangered would make departure the rule rather than the exception. We decline to adopt a construction of section 3C1.2 that would mandate departure in almost every case." Id. at 627.
 
 
 15
 The Sentencing Commission expressly stated in Application Note 8 to U.S.S.G. § 2L1.1, that the Commission did not consider this circumstance in formulating the Guidelines. Application Note 8 to § 2L1.1 is a proper basis for departure even after adjustment of the base offense level under § 3C1.2. United States v. Hernandez-Rodriguez, id. at 622. By analogy to § 3C1.2, however, an increase of only two points is warranted. The district court's finding that Martinez-Avila's treatment of the aliens was dangerous and inhumane is not clearly erroneous.
 
 
 16
 Adding two points to the base offense level of 9 brings Martinez-Avila to a level 11. To account for the additional two points, we must consider the remaining grounds for departure relied on by the district court.
 
 
 17
 The district court cited § 5K2.5 (property damage or loss), § 5K2.6 (weapons and dangerous instrumentalities), § 5K2.7 (Disruption of governmental function), and § 5K2.14 (endangerment of public welfare).
 
 
 18
 Section 5K2.5 has been used to enhance a defendant's sentence by analogy to U.S.S.G. § 2B1.1(b) (larceny, embezzlement, theft). U.S. v. Kramer, 943 F.2d 1543, 1549 (11th Cir.1991). Section 2B1.1(b) provides that no increase shall occur where the amount of loss is $100 or less. Because no finding was made as to the amount of damage caused by the collision, § 5K2.5 is not a proper basis for departure.
 
 
 19
 Sections 5K2.6 and 5K2.7, as well, are not a basis for departure.
 
 
 20
 Guideline § 5K2.14 warrants departure where national security, public health, or safety was significantly endangered.
 
 
 21
 Section 5K2.14 has previously been used to enhance a defendant's sentence in a case involving a high speed chase. United States v. Rodriguez-Castro, 908 F.2d 438, 441 (9th Cir.1990). Rodriguez applied the 1989 guidelines, which did not include § 3C1.2, and used § 5K2.14 to justify a departure because of the recklessness involved in the high-speed chase. In the instant case, Martinez-Avila's reckless driving has been taken into account by application of § 3C1.2 in calculating his base offense level. Section 5K2.14 cannot, then, be used to depart on the basis of the same conduct.
 
 
 22
 Having considered all of the grounds for departure, a departure of only 2 levels is warranted. The 4-level departure made in this case was unreasonable and an abuse of discretion.
 
 
 23
 Effect of Martinez-Avila's Release on Resentencing
 
 
 24
 Presupposing statutory good time credit, Martinez-Avila could have been released on April 23, 1993. Presumably, resentencing would therefore have an effect on his supervised release date. We AFFIRM the conviction, but VACATE the sentence and REMAND for RESENTENCING.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 This resulted in a Guideline range of twelve to eighteen months. Appellant was sentenced to eighteen months in custody, a departure of eight months